United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Capitol Specialty Insurance Corp., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Pablo Rubio Ortiz, by and through ) <br> his next friend and wife Beatriz Lara ) <br> Corona, and others, Defendants. ) | Civil Action No. 17-23329-Civ-Scola |

## Order Dismissing Case Without Prejudice

This matter is before the Court upon the parties' responses to the Court's requirement that they show cause as to why judgment should not be entered in favor of the Plaintiff Capitol Specialty Insurance Corp. ("Capitol Specialty") based upon the Court's ruling that there is no duty to defend under the policy issued to Defendants Venetian by Luxcom, LLC ("Luxcom") and Defendant Francisco Lara based on the allegations in the underlying state court complaint (the "State Case"). (*See* ECF No. 57.) The Court held oral argument on August 23, 2018, and now finds that it lacks subject matter jurisdiction and the case shall be **dismissed without prejudice**.

## I. Factual Background

Plaintiff Capitol Specialty filed this action on September 1, 2017, seeking a declaration that a policy (the "Policy") it issued to Defendant Luxcom, does not afford coverage for the damages claimed in the parallel State Case brought against it and Defendant Lara by the other Defendants in this case, Pablo Rubio Ortiz, by and through his next friend and wife Beatriz Lara Corona; Jovani Rubio Lara, by and through his next friend and mother Beatriz Lara Corona; and Beatriz Lara Corona (the "Ortiz Defendants"). (ECF No. 1.) In particular, the Plaintiff alleged that it had no duty to defend or indemnify Defendants Luxcom or Lara in the State Case, based on the claims and allegations made in the State Case complaint. (*Id.* at ¶¶ 16-23, 34-35.)

On October 11, 2017, the Ortiz Defendants filed an amended complaint in the State Case. (ECF No. 9-2.) Capitol Specialty subsequently amended its complaint in this federal action to request a declaration of liability under the Policy as to the amended allegations and claims in the State Case. (ECF No. 9.)

On December 5, 2017, the Ortiz Defendants filed a second amended complaint in the State Case. The Court then granted Capital Specialty leave to file a second amended complaint in this action. (ECF Nos. 21-23.) Defendants filed motions to dismiss the second amended complaint (ECF Nos. 28, 30, 47), which were denied on April 19, 2018, based on the Court's finding that Capitol Specialty "has no duty to defend or indemnify under the [P]olicy it issued to Defendants Luxcom and Lara based on the allegations in the underlying [second amended] state court complaint." (ECF No. 57 at 8.) Based on that finding, the parties were ordered to show cause as to why judgment should not be entered in favor of Capital Specialty. (*Id.*)

On April 25, 2018, before the parties submitted briefing on the order to show cause, the Ortiz Defendants filed a third amended complaint in the State Case, which amendments contradicted allegations made in earlier pleadings in the State Case that this Court relied on in denying Defendants' motions to dismiss. (*Compare* ECF No. 57 at 7 *and* ECF No. 23-2 at ¶ 9 *with* ECF No. 65-1 at ¶ 9.) At oral argument the parties represented that the Ortiz Defendants have now filed a fourth amended complaint in the state court action.

In the four months since the filing of the third amended complaint in the State Case, Capitol Specialty has not sought leave to amend its complaint in this action. In other words, Capitol Specialty is asking this Court to declare its liability under the Policy based on claims asserted in the inoperative and thus moot second amended complaint in the State Case.

## II. <u>The Court Lacks Jurisdiction</u>

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). "The doctrine of mootness derives directly from the case-or-controversy limitation," and a "case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (quoting *Al Najjar*, 273 F.3d at 1335-36). Mootness deprives a Court of subject matter jurisdiction,[1] *id.* at 1281 n.3; thus, federal courts have a continuing obligation to ensure that "events occurring subsequent to the filing of a lawsuit" do not render the claims before it moot.

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).

*Id.* at 1282 (noting that "[a]ny decision on the merits of a moot case or issue would be an impermissible advisory opinion.").

At oral argument, Capitol Specialty requested the Court enter judgment in its favor on its second amended complaint, the operative pleading in this case. But that pleading seeks a declaration of Capitol Specialty's liability under the Policy based on allegations and claims set forth in the Ortiz Defendants' *Second* Amended Complaint in the State Case. *Id.* Considering the operative complaint in the State Case is now the Ortiz Defendants' *Fourth* Amended Complaint, the Court finds that the declaration sought by Capitol Specialty will not provide it "meaningful relief" and that a decision on the merits would result in an impermissible advisory opinion. *Troiano*, 382 F.3d at 1282. The Court notes that Capital Specialty never sought leave to amend its second amended complaint in the four months since events in the State Case rendered that pleading moot. Such want of prosecution underscores the absence of a live case and controversy. Finding this case moot, the Court must dismiss for lack of subject matter jurisdiction. *See Nat'l Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005).

Therefore, it is **ORDERED** and **ADJUDGED** that this case be **dismissed without prejudice**. If Capitol Specialty wishes to contest its obligations relating to the Fourth Amended Complaint in the State Case it must file a separate action. The clerk is directed to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on August 23, 2018.

Robert N. Scola, Jr.
United States District Judge