## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23329-Civ-SCOLA/TORRES

CAPITOL SPECIALTY INSURANCE CORP.,

        Plaintiffs,

v.

PABLO RUBIO ORTIZ *et al.*

        Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON LUXCOM'S MOTION FOR ATTORNEYS' FEES

This matter is before the Court on Venetian by Luxcom LLC's and Francisco Lara's (collectively, "Luxcom") motion for attorneys' fees against Capitol Specialty Insurance Corp. ("Plaintiff"). [D.E. 81]. Plaintiff responded to Luxcom's motion on November 6, 2018 [D.E. 83] to which Luxcom replied on November 13, 2018. [D.E. 86]. Therefore, Luxcom's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and the record, Luxcom's motion should be **GRANTED in part** and **DENIED in part**.

## *I.   BACKGROUND*

Plaintiff filed this action on September 1, 2017, seeking a declaration that a policy (the "Policy") it issued to Luxcom does not afford coverage for the damages claimed in a state case brought against it and Defendant Lara ("Lara") by the other Defendants in this case, Pablo Rubio Ortiz, by and through his next friend and wife

Beatriz Lara Corona, Jovani Rubio Lara, by and through his next friend and mother Beatriz Lara Corona, and Beatriz Lara Corona (the "Ortiz Defendants"). [D.E. 1]. Plaintiff alleged that it had no duty to defend or indemnify Defendants Luxcom or Lara in the state case, based on the claims and allegations made in the state court complaint.

On October 11, 2017, the Ortiz Defendants filed an amended complaint in the state case. [D.E. 9-2]. Plaintiff subsequently amended its complaint in this action to request a declaration of liability under the Policy as to the amended allegations and claims in the state case. [D.E. 9]. On December 5, 2017, the Ortiz Defendants filed a second amended complaint in the state case. The Court then granted Plaintiff leave to file a second amended complaint in this action. [D.E. 21-23]. Defendants filed motions to dismiss the second amended complaint [D.E. 28, 30, 47], which were denied on April 19, 2018, based on the Court's finding that Plaintiff "has no duty to defend or indemnify under the [P]olicy it issued to Defendants Luxcom and Lara based on the allegations in the underlying [second amended] state court complaint." [D.E. 57 at 8]. Based on that finding, the parties were ordered to show cause as to why judgment should not be entered in favor of Plaintiff.

On April 25, 2018, before the parties submitted briefing on the order to show cause, the Ortiz Defendants filed a third amended complaint in the state case, which contradicted allegations made in earlier pleadings in the state case that this Court relied on in denying Defendants' motions to dismiss. [Compare D.E. 57 at 7 and

2

D.E. 23-2 at ¶ 9 with D.E. 65-1 at ¶ 9].   At oral argument, the parties represented that the Ortiz Defendants filed a fourth amended complaint in the state court action.

On August 24, 2018, the Court dismissed this case without prejudice, finding that it lacks subject matter jurisdiction because Plaintiff requested the Court to enter judgment in its favor based on an inoperative complaint in state court.   The Court found that Plaintiff's "want of prosecution underscores the absence of a live case and controversy," and that this action must be dismissed for lack of subject matter jurisdiction.   [D.E. 74].

## II.   ANALYSIS

### A.   *Luxcom's Entitlement to Attorneys' Fees*

Luxcom argues that it is entitled to recover its reasonable attorneys' fees pursuant to Florida Statute § 626.9373.   This provision permits an insured to recover attorneys' fees against a surplus lines insurer upon the rendition of a judgment or decree:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

Fla. Stat. § 626.9373.   Luxcom claims that fee-shifting under 626.9373 is not dependent on a prevailing party standard because an insured "merely need[s] to

3

obtain a judgment in his favor in order to be entitled to an award of attorneys' fees." *Rodriguez v. Gov't Employees Ins. Co.*, 80 So. 3d 1042, 1044 (Fla. 4th DCA 2011). That is, Luxcom suggests that the insured need not obtain a successful merits/coverage determination or monetary recovery to recoup fees pursuant to section 626.9373. *See id.* at 1045 (holding that the trial court "clearly erred in failing to award attorneys' fees under section 627.4281 based on the misconception that Rodriguez had to recover a money judgment or have a determination of coverage in defending the claim of fraud asserted by GEICO.").

As support, Luxcom relies primarily on the Eleventh Circuit's decision in *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 964 (11th Cir. 2008). In that case, the Eleventh Court affirmed the district court's award of attorneys' fees to the insured under section 627.428 even though the case had been dismissed for lack of jurisdiction:

> We are not persuaded by Prime Insurance's argument that a dismissal for lack of subject matter jurisdiction is insufficient to warrant an award of attorney's fees under Fla. Stat. § 627.428(1). By its very terms, the statute does not require an insured party to succeed on the merits of a case in order to recover attorney's fees. *See* Fla. Stat. § 627.428(1).

---

[1]  Plaintiff states that sections 627.428 and 626.9373 are both fee-shifting statutes and are indistinguishable, aside from the fact that the former applies to insurers while the latter applies to surplus lines carriers. Plaintiff, therefore, relies on several cases applying section 627.428 to bolster its argument with respect to section 626.9373.

*Id.* at 964.   Because the Eleventh Circuit and Florida courts[2] are purportedly in agreement on the application of section 627.428 – and this informs the application of 626.9373 – Luxcom concludes that it is entitled to attorneys' fees.

Plaintiff's response is that Luxcom has misconstrued the procedural posture of this case.   Plaintiff claims that the Court dismissed the complaint for lack of subject matter jurisdiction with leave for Plaintiff to refile its complaint in a separate action.   Plaintiff argues that it promptly did so on October 4, 2018 and filed a motion to transfer this case to Judge Scola (which remains pending for disposition before Judge Ungaro).   Plaintiff also suggests that Luxcom has neither prevailed nor obtained a judgment or decree against Plaintiff or any other type of recovery in this ongoing coverage dispute.   As such, Plaintiff contends that

---

[2]      *See Dawson v. Aetna Cas. & Sur. Co.,* 233 So.2d 860, 861 (Fla. 3d DCA 1970) (concluding that the dismissal of an insurer's declaratory judgment action against its insured was a "rendition of a judgment against an insurer in favor of an insured" under a previous version of Fla. Stat. § 627.428(1), even though the trial court did not reach the merits of the insurer's claims because the underlying worker's compensation dispute was pending before an administrative agency); *see also Home Ins. Co. v. Drescher,* 220 So.2d 902, 903–04 (Fla.1969) (awarding attorney's fees incurred in litigating the appeal before the Florida Supreme Court after discharging a writ of certiorari as improvidently granted); *Arango v. United Auto. Ins. Co.,* 901 So.2d 320, 321 (Fla. 3d DCA 2005) ("We construe the prevailing party clause in the appellate fee portion of section 627.428, which mandates a fee award 'in the event of an appeal in which the insured or beneficiary prevails' to include cases in which an insurer commences an appeal, but the appeal is then dismissed without a decision on the merits."); *Leaf v. State Farm Mut. Auto. Ins. Co.,* 544 So.2d 1049, 1050–51 (Fla. 4th DCA 1989) (reversing the trial court and ordering an award of attorney's fees under Fla. Stat. § 627.428 where the trial court granted the insured's motion to compel arbitration but did not reach the underlying merits of the insurance dispute, reasoning that the statute's purpose "is to penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier's power to do so." (internal quotation marks and citation omitted)).

Luxcom's arguments are irreconcilable with Florida law and must be rejected accordingly.

Plaintiff states, for example, that the purpose of section 626.9373 is to penalize insurers that wrongfully caused their insureds to resort to litigation and to "discourage insurers from contesting valid claims and to reimburse successful insureds for attorney's fees when they must sue to enforce their insurance contracts." *State Farm Fla. Ins. Co. v. Lorenzo*, 969 So. 2d 393, 397 (Fla. 5th DCA 2007) (quoting *Progressive Express Ins. Co. v. Schultz,* 948 So.2d 1027, 1029-30 (Fla. 5th DCA 2007)).   That purpose would allegedly not be served here because Plaintiff is rightfully asserting a lack of coverage.   Plaintiff also claims that the express language of section 626.9373 forecloses Luxcom's entitlement to fees because the statute is only triggered upon the entry of a judgment or decree where the insured or beneficiary recovers.   And unlike the case of a final order of dismissal based on an inability to establish a jurisdictional amount, Plaintiff believes that Luxcom gained nothing when the Court dismissed Plaintiff's complaint without prejudice with leave to refile.   *See, e.g., S.-Owners Ins. Co. v. Tomac of Fla., Inc.*, 687 F. Supp. 2d 665, 671 (S.D. Tex. 2010) ("This does not mean, however, that in all cases in which a complaint is dismissed for lack of subject matter jurisdiction, one party is automatically entitled to fees.").

Parties generally are required to bear their own litigation expenses regardless of who wins or loses.   *See Fox v. Vice*, 563 U.S. 826, 832 (2011).   Exceptions exist,

however, where Congress has authorized courts to deviate from this rule in certain types of cases by shifting fees from one party to another.  *See id.*  And "in diversity cases a party's right to attorney's fees is determined by reference to state law." *Prime Ins. Syndicate, Inc.*, 270 F. App'x at 963.

Here, the parties rely on cases that relate to the application of § 627.428 – not § 626.9373.  Both parties appear to agree, however, that the language in the statutes are nearly identical and that courts apply the two fee provisions in the same way.  And based on our review of the relevant case law, we agree as the only difference between the two statutes is that § 627.428 applies generically to insurers whereas § 626.9373 applies to surplus line insurance carriers.  *See, e.g.*, *Lumpuy v. Scottsdale Ins. Co.*, 2015 WL 1708875, at *3 (M.D. Fla. Apr. 15, 2015) ("This Court notes that the *Palma* court addressed attorneys' fees under § 627.428 and the instant case involves attorneys' fees under § 626.9373.  However, those two statutes are nearly identical, except that § 626.9373 applies to surplus line insurance carries."); *see also Stavrakis v. Underwriters at Lloyd's London*, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018) ("[T]hose sections are virtually identical, however, whether the fees are predicated upon Section 627.428 or Section 626.9373 is a distinction without a difference.") (citations omitted).  Because the two statutes are virtually identical, we must now determine whether a dismissal without prejudice for lack of subject matter jurisdiction warrants attorneys' fees.

The most analogous case to the facts presented is the decision *in National Union Fire Ins. Co. of Pittsburgh, PA v. F Vicino Drywall II, Inc. et al*., No. 10-60273-Civ-GOLD/MCALILEY.   In that case, the Court dismissed plaintiff's complaint for lack of subject matter jurisdiction, having found that plaintiff had not presented a case or controversy.   The dismissal was without prejudice as the Court allowed "Plaintiff [to] file an Amended Complaint if a proper justiciable case or controversy arises between the Parties."   *Id*.   The defendant subsequently moved for attorneys' fees pursuant to Florida Statute § 627.428(1).   Plaintiff argued, however, that fees were improper under § 627.428(1) because dismissing a case without prejudice does not trigger the application of the fee shifting statute.   The Court rejected that argument because "[t]he statute . . . provides that entry of *any* 'judgment or decree' against an insurer, in favor of an insured, entitles the insured to recover its attorneys fees."   *Id*.   As such, the Court awarded fees because the Court's dismissal of plaintiff's complaint qualified as a judgment or decree.

The same reasoning applies in this case because Judge Scola dismissed Plaintiff's complaint without prejudice for lack of subject matter jurisdiction and stated that "[i]f [Plaintiff] wishes to contest its obligations relating to the Fourth Amended Complaint in the State Case it must file a separate action."   [D.E. 74]. The procedural posture of this case is the mirror image of *National Union Fire Ins. Co.* because both dismissal orders allowed for the possibility of an amended complaint.   The only difference is that Judge Scola required Plaintiff to refile an

8

amended complaint in a *separate* action whereas Judge Gold required an amended complaint in the *same* action.   This is ultimately a distinction without a difference because the overarching principle is the same in that a dismissal without prejudice for lack of subject matter jurisdiction triggers the application of § 626.9373.

This means that section 626.9373 does not require the insured to prevail on the merits.   *See Prime Ins. Syndicate, Inc.*, 270 F. App'x at 963.   Nor does it require a finding of coverage or a money judgment in favor of the insured.   *See Rodriguez v. Government Employees Ins. Co.*, 80 So. 3d 1042, 1044–45 (Fla. 4th DCA 2011). Instead, a dismissal of an insurance company's claim or counterclaim against an insurer is "the rendition of a judgment" against an insurer in favor of an insured referenced in section 627.428(1).   *See Dawson v. Aetna Cas. & Sur. Co.*, 233 So. 2d 860, 861 (Fla. 3d DCA 1970).   And where a suit fits within § 626.9373, the entry of an award of attorneys' fees is mandatory and non-discretionary.   *See Citizens Property Ins. v. Bascuas*, 178 So. 3d 902, 904 (Fla. 3d DCA 2015); *see also Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992) ("If the dispute is within the scope section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees.").   Because the Court's dismissal order constitutes a judgment or decree within the meaning of § 626.9373, Luxcom is entitled to reasonable attorneys' fees and we must therefore compute the lodestar in determining an appropriate fee award.

**B.**   ***The Lodestar Method of Determining Reasonable Fees***

In determining an appropriate fee award, we employ the lodestar method. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.   We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee").   This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly." *Id*.

The lodestar method requires the Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended. *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).   Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302.   Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id*. at 1304 (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the

10

money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Courts, however, have considerable discretion when determining whether a party to a case should receive a fee award. *See Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *See Norman*, 836 F.2d at 1299-1302. It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters. *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

11

**B.** *__The Reasonable Hourly Rate__*

The reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *ACLU,* 168 F.3d at 427 (internal quotation marks and citation omitted). Here, the relevant legal community is South Florida.

Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.*[3] The movant is required to submit to the Court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (finding that the burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in

---

[3]   The 12 *Johnson* factors are as follows:
(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974).

12

line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). Ultimately, the Court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

Luxcom requests an hourly rate of $500 for Christine Gudaitis ("Ms. Gudaitis") for seventeen years of experience, $375 for Benjamin Hassebrock ("Mr. Hassebrock") for eleven years of experience, $315 per hour for Ashley Jordon ("Ms. Jordon") for nine years of experience, and $245 for Linda Mullhall ("Ms. Mullhall") for twenty years of experience as a paralegal. Each attorney has devoted their practice to insurance-related disputes and bad faith litigation. Luxcom claims that the rates are reasonable because they are consistent with other clients under similar circumstances. Luxcom also contends that the rates provided are comparable to legal services provided in Miami Florida – taking into consideration an attorneys' respective levels of skill – and that its attorneys are leaders in the field of insurance coverage and bad faith litigation.

Plaintiff raises three arguments in opposition to Luxcom's fee award but does not specifically object to the reasonableness of Luxcom's hourly rates. In any event, the hourly rates requested are disproportionate for an insurance case litigated in Miami, Florida because – while Luxcom's attorneys are experienced in

insurance-related matters and have a substantial amount of experience among them – the rates requested are too high for the work performed in this case.   We therefore reduce the hourly rate of (1) Ms. Gudaitis to $400 per hour, (2) Mr. Hassebrock to $275 per hour, and (3) Ms. Jordan to $215 per hour.   *See Speh v. Morrow Equip. Co., LLC,* 2009 WL 1743655, *3 (S.D. Fla. June 17, 2009) (finding that a bad faith insurance attorney sought hourly rate of $475 and although the deemed him a "highly skilled attorney," it reduced the hourly rate to $300); *Kearney v. Auto-Owners Ins. Co.,* 2011 WL 1527262, *2-3 (M.D. Fla. Apr. 21, 2011) (finding that an with 32 years of experience, specializing in insurance coverage and bad faith litigation sought an hourly rate of $450-$550, but the court reduced the hourly rate to $300 based on prevailing market rates and complexity of case); *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1268-71 (M.D. Fla. 2010) (reducing an experienced insurance litigator's requested hourly rate of $400 to $275).

We also find that requested hourly rate of $245 for Ms. Mullhall is excessive for a paralegal position and, as a result, we reduce the rate requested to $100.   *See Kotchman v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 4124845, at *2 (M.D. Fla. Sept. 18, 2017) ("$80 per hour for paralegals' time is . . . a reasonable hourly rate.") (citing *Rynd v. Nat'l Mut. Fire Ins. Co.*, 2012 WL 939387, at *1 (M.D. Fla. Jan. 25, 2012), *Report and Recommendation adopted*, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012); *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010)

14

(reducing a paralegal's hourly rate from $110 to $65 per hour in an insurance bad faith case)).

### C.    *The Reasonable Number of Hours Expended*

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation.   The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel*." *A.C.L.U. of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis in original).   The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award.   *A.C.L.U. of Georgia*, 168 F.3d at 428.   If the fee applicant fails to exercise required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary."   *Id.* at 428.   As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303.   Accordingly, it is "perfectly proper to award attorney's fees based solely on affidavits in the record."   *Id*. at 1303 (citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980)).

Here, Luxcom seeks attorneys' fees for hours expended from April 25, 2018 (the date Lexcom suggests that Plaintiff should have amended its complaint to correspond with the state court action) to August 24, 2018 (the date the Court dismissed this case).   Luxcom claims that (1) Ms. Gudaitis expended 36.70 hours, (2) Mr. Hassebrock expended 2.20 hours, (3) Ms. Jordan expended 26.20 hours, and Ms. Mulhall expended 1 hour.   This equals a total number of 66.10 hours.   On November 13, 2018, Luxcom supplemented its motion for fees to include additional hours expended since the Court dismissed this case to account for the time spent litigating the issue of entitlement to attorneys' fees.   [D.E. 84].   *See State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993) ("[W]e hold that attorney's fees may properly be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees.").   Luxcom's supplemental hours include (1) 8.7 hours for Ms. Gudaitis, (2) 26.4 hours for Ms. Jordan, and (3) 2.5 hours for Ms. Mulhall.   This equals a total number of 37.6 hours.   Therefore, from April 25, 2018 to November 13, 2018, Luxcom concludes that the number of hours expended equals 101.5.[4]

Plaintiff's response consists of three arguments.   First, Plaintiff claims that, even if a fee award is appropriate, it should be stayed pending a determination on the outcome of the coverage dispute so that Luxcom's purported victory may be

---

[4]   Based on our calculations, the total number of hours expended should equal 103.7 hours.   It appears that, in its supplemental brief, Luxcom mistakenly omitted the hours attributed to Mr. Hassebrock.   Therefore, we construe the number of hours requested to equal 103.7.

viewed in the proper context.   Second, Plaintiff takes issue with the time frame for the hours expended because it "has no logical relationship to the purported basis for the Defendants' request for fees."   [D.E. 83].   Third, Plaintiff argues that Luxcom's time records have been heavily redacted, making it difficult to determine whether the hours expended were appropriate.   As such, Plaintiff concludes claims that Luxcom's time entries may be duplicative and that any fee award should be significantly reduced.

Plaintiff's supplemental response also takes issue with Luxcom's additional fee request of $13,278.50 incurred from August 25, 2018 to November 13, 2018. Plaintiff argues that Luxcom's time entries are improper because at least 2.9 hours were billed relating to the *amount of recoverable fees* in both Luxcom's initial motion and in their reply.   Plaintiff claims "that, while attorney's fees incurred for litigating the issue of entitlement to attorney's fees are recoverable, fees incurred for litigating the amount of attorney's fees are not."   *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002) (citing *Palma,* 629 So.2d at 833); *Flagstar Bank, FSB v. Hochstadt*, 2011 WL 13225295, at *5 (S.D. Fla. Aug. 25, 2011), *Report and Recommendation adopted*, 2011 WL 13225155 (S.D. Fla. Nov. 4, 2011) ("It is well-established under Florida law that fees incurred for litigating the amount of fees are generally not recoverable.") (citing *Palma,* 629 So. 2d at 833).   To put it differently, Plaintiff concludes that Luxcom is not entitled to any "fees on fees."   *TYR Tactical, LLC v. Productive Prod. Enter., LLC*, 2018 WL 3110799, at *13 (S.D. Fla. Apr. 11,

2018), *Report and Recommendation adopted*, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018).

Luxcom agrees that, under Florida law, any time expended for litigating the amount of fees is not recoverable.   That is, Luxcom admits that the 2.9 hours that Plaintiff identified in its response should be excluded from the total number of hours expended.   Because both parties agree that time expended for litigating the amount of fees is not recoverable, we reduce 2.9 hours from the total number of hours requested in Plaintiff's motion.

As for Plaintiff's remaining arguments, we find them entirely unconvincing. Plaintiff claims that a stay is warranted so that the outcome of the coverage dispute may be viewed in the proper context.   But, Plaintiff never explains this argument, nor does it reference any authority in support of this position.   Plaintiff's argument is also perplexing because whether Luxcom or Plaintiff ultimately prevails on the merits of the coverage dispute is irrelevant on Luxcom's entitlement to fees in this action.   Plaintiff's second contention– that the number of hours expended has no logical relationship to the time period requested – rings hollow because Luxcom only seeks fees after April 25, 2018.   Luxcom chose this date for the fee award to accrue because this is the date in which Plaintiff should have sought leave to amend to account for the third amended complaint filed in the underlying action.   In other words, the basis for the Court's August 24, 2018 Order was Plaintiff's failure to seek leave to amend its complaint to address the complaint in the state court action.   And

April 25, 2018 was the date the third amended complaint was filed in the underlying action and when Plaintiff should have sought leave to amend in this case.   In any event, Plaintiff's argument fails for an entirely separate reason because it is conclusory and, once again, unsupported.

Plaintiff's third argument – that Plaintiff improperly redacted its time records – fares no better because the redactions were necessary to preserve privileges and immunities, including the attorney-client privilege, the joint defense/common interest privilege, and the work product immunity.   We also disagree with Plaintiff that the redactions were excessive to such an extent that Plaintiff was precluded from objecting to duplicative time entries.   And our review of Plaintiff's unredacted time records (which were filed under seal on December 11, 2018) confirms that view. [D.E. 96].

Notwithstanding Plaintiff's meritless arguments in opposition to Luxcom's motion for attorneys' fees, we find that the number of hours expended this case are unreasonably high.   And "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."   *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger,* 10 F.3d at 783).   A court may not, however, do both.   *See Bivins*, 548 F.3d at 1351-1352 (explaining that "by requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested

hours"). In deciding between the two options available to the Court, an hour-by-hour approach is sometimes preferable while at other times the "fee documentation can be so voluminous as to render an hour-by-hour review impractical." *Loranger*, 10 F.3d at 783 (holding that where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis[;r]ather, . . . it may [] reduce [the hours devoted to litigation] in gross if a review of the resubmitted fee request warrants such a reduction") (emphasis added)). "In such cases, an across-the-board cut may be appropriate, as long as a court "articulate[s] [its] reasons for selecting specific percentage reductions." *Roy v. Bd. of Cty. Comm'rs, Walton Cty., Fla.*, 2012 WL 8013976, at *4 (N.D. Fla. Nov. 1, 2012), *Report and Recommendation adopted*, 2013 WL 1883247 (N.D. Fla. May 6, 2013) (quoting *Loranger*, 10 F.3d at 783).

Here, Luxcom's fee documentation is not so voluminous that an hour-by-hour review is impractical, undermining the need for an across the board cut. The first excessive time entry is on April 25, 2018 when Ms. Jordan spent 3.20 hours researching case law on public policy arguments to draft a response to an order to show cause. While these public policy rationales may have been compelling, we are unconvinced that this amount of time was necessary to research these arguments. Accordingly, we reduce the time spent to 1 hour.

The second excessive time entry is on April 30, 2018 where Ms. Jordan billed 3.10 hours to research case law in her response to an order to show cause. We find

20

that the amount billed is excessive because it should not have taken an attorney with nine years of experience to perform that amount of research.   We therefore reduce Ms. Jordan's time entry of 3.10 hours to 1 hour to reflect the attorney's experience in responding to an Order to show cause.

The third excessive time entry is on May 1, 2018 when Ms. Jordan billed 4.40 hours for time spent on her continued efforts to draft a response to the order to show cause.   This time was billed in addition to 2.90 hours billed on April 30, 2018.   The response to the order to show cause was only seven pages long (five if you exclude the introduction and background) and it should not have taken an attorney with nine years of experience to spend an additional 4.40 hours to draft a response.   As such, we reduce Ms. Jordan's time entry on that date to 2 hours.   The time entry billed on May 4, 2018 for 2.70 hours is excessive for the same reasons as Ms. Jordan spent that time to revise and finalize the response to the order to show case.   We likewise reduce the time billed on those revisions to 1 hour.

The fourth excessive time entry is the 2.2 hours that Ms. Gudaitis billed on September 21, 2018 for revising invoices and redacting them to file the motion for fees.   This is an unreasonable amount of time for the task performed and the time is reduced to .50 hours.   The final time entry that we reduce is the 4.9 hours Ms. Jordan spent to draft a reply in support of Luxcom's motion for fees.   This time was in addition to work performed several days earlier when Ms. Jordan spent more than three hours to draft the reply.   Because 4.9 hours is an excessive amount of time to

draft an eight-page reply (where most of the legal authority had already been referenced and/or cited), we reduce this billing entry to 2 hours.

### D.    *Final Calculations*

With these considerations in mind, the Court finds that Ms. Gudaitis expended 43.7 hours at a rate of $400 per hour, that Mr. Hassebrock expended 2.2 hours at a rate of $275 per hour, that Ms. Jordan expended 38.4 hours at a rate of $215 per hour, and that Ms. Mulhall expended 3.5 hours at a rate of $100 per hour. This equates to a total of $17,480 for Ms. Gudaitis, $605 for Mr. Hassebrock, $8,256 for Ms. Jordan, and $350 for Ms. Mulhall for a grand total of $26,691.   Accordingly, Luxcom's motion for fees should be **GRANTED in part** and **DENIED in part**.

### III.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Luxcom's motion for attorneys' fees be **GRANTED in part** and **DENIED in part**.   [D.E. 81]. Luxcom should be entitled to $26,691 in attorneys' fees to bear interest from the date of entitlement to attorneys' fees to the date an actual tender of payment is made. *See Quality Engineered Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 930–31 (Fla. 1996) ("[I]nterest accrues from the date entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined.").

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to

file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 15th day of January, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge